## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-CV-60852-RAR

**JULIUS CLARKE**, *et al.*,

      Plaintiffs,

v.

**PNC BANK**,

      Defendant.

_____/

### <u>ORDER DISMISSING *PRO SE* COMPLAINT</u>

**THIS CAUSE** comes before the Court upon an initial screening pursuant to 28 U.S.C. § 1915.  Plaintiffs filed their Complaint [ECF No. 1] and Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 3] on April 19, 2021.  Because Plaintiffs moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable.  Pursuant to that statute, the court is permitted to dismiss a suit "any time [ ] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2).  Therefore, upon receiving Plaintiff's request to proceed *in forma pauperis*, the Court is required to assess the merits of the Complaint before allowing Plaintiff to proceed any further.  *See Copeland v. Schwartz*, No. 07-CIV-60818, 2007 WL 9717317, at *1 (S.D. Fla. July 10, 2007); *see also Mehmood v. Guerra*, 783 F. App'x 938, 940 (11th Cir. 2019) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike."); *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004) ("[S]ection 1915(e)(2)(B)(ii) directs the district court to dismiss the complaint of any plaintiff

proceeding *in forma pauperis* if the court determines that the complaint fails to state a claim on which relief may be granted.") (quotations omitted).

Here, upon initial screening of the Complaint, the Court finds that it fails to state a claim upon which relief may be granted.  Accordingly, Plaintiffs' Complaint is **DISMISSED** for the reasons set forth herein.

<u>ANALYSIS</u>

The Eleventh Circuit has held plainly that "[t]he standards governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)."  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  FED. R. CIV. P. 8.  To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "To state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (alteration added) (quoting *Iqbal*, 556 U.S. at 678).

As a general rule, "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, the application of this principle is "attenuated" here because both Plaintiffs are registered foreign lawyers who hold Masters of Law degrees from the University of Miami School of Law, Compl. at 2-3, and thus have "formal training and considerable experience in the law."  *Campbell v. Verizon Wireless, LLC*, No. 14–0517, 2015 WL 416484, at *1 n.2 (S.D. Ala. Jan. 29, 2015) (citations omitted); *see also Sulehria v. New York*, No. 1:12–CV–21, 2012 WL 4911425, at *3 (N.D.N.Y. Sept. 17, 2012) ("While generally, the court

must liberally construe pleadings prepared by pro se plaintiffs, plaintiff in this case states that he has both a law degree, albeit foreign, and an LLM from an American law school, and thus is not entitled to the deference that would be afforded to a nonattorney.") (citing *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010)), *report and recommendation adopted*, 2012 WL 4911424 (N.D.N.Y. Oct. 15, 2012).

In addition, Rule 10(b) of the Federal Rules of Civil Procedure requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).  "The purpose of these rules is 'to require the pleader to present his claims discretely and succinctly so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'"  *Clarke v. Paypal Holdings Inc.*, No. 21-60601, 2021 WL 1318224, at *1 (S.D. Fla. Apr. 8, 2021) (quoting *T.D.S. Inc. v. Shelby Mutual Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)).

In their Complaint, Plaintiffs generally aver that Defendant PNC Bank's Automated Teller Machines (ATMs) malfunctioned, and because Plaintiffs were consequently unable to complete a planned money transfer to further a business relationship, Defendant tortiously interfered with that relationship.  Specifically, the Complaint alleges that Plaintiff Julius Clarke intended to send his business partner and co-Plaintiff Aidar Oruzbaev $3,400 for payment of a bond in a Kyrgyzstan court where Oruzbaev was located.  Compl. at 4.  This payment was purportedly going to allow Oruzbaev to arbitrate a matter in Kyrgyzstan, and Plaintiffs' client in Kyrgyzstan was allegedly contracted to pay Oruzbaev $78,000 once the $3,400 bond payment was received and entered in the Kyrgyzstan court.  *Id*.  Clarke went to an ATM operated by Defendant on March 21, 2021 to make the transaction, but after inserting the third and final cash installment into the machine, "the entire ATM . . . without warning, relinquished Plaintiff Julius Clarke's business debit card back to

him, and started powering down completely, thereby becoming inoperable." *Id*.  Clarke proceeded to transfer the funds via Western Union, but the funds reached Oruzbaev too late for the bond payment to be made, and thus the business opportunity fell through.  *Id*. at 4-5.

Clarke contacted an agent of Defendant's on the night of the transaction and the morning after, informing the agent that "but for their ATM's malfunction[,]" he would not have lost his business engagement in Kyrgyzstan.  *Id*.  Defendant's agent allegedly informed Clarke that an investigation would be launched into the matter, and to expect a response within 10 days, but Plaintiffs aver that the matter remains unresolved.  *Id*. at 5.  Plaintiffs thus assert one count for tortious interference with contract.  *Id*. at 6-7.

Plaintiffs' Complaint contains no numbered paragraphs.  As a result, the Complaint must be stricken for failure to comply with the pleading requirements of Rule 10 of the Federal Rules of Civil Procedure.  *See Clarke*, 2021 WL 1318224, at *2 (striking a complaint from the same Plaintiff for an identical failure to number paragraphs in his complaint).  More importantly, even if Plaintiffs *had* complied with Rule 10, the Complaint fails to state a claim.  "The elements of tortious interference with a business relationship are '(1) the existence of a business relationship . . . (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship.'"  *Id*. (quoting *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994)).[1]  Here, there is a critical, incurable problem with Plaintiffs' Complaint: it is based on negligence.  Plaintiffs admit that "while the Defendant PNC Bank's ATM malfunction may not have been intentional," negligence should be inferred under the doctrine of

---

[1] Florida courts have determined that tortious interference with a business relationship and tortious interference with a contract are nearly identical causes of action, with the "only material difference" being "in one there is a contract and in the other there is only a business relationship."  *Smith v. Ocean State Bank*, 335 So. 2d 641, 642 (Fla. 1st DCA 1976).  Here, Plaintiffs generally allege the existence of a contract.

*res ipsa loquitor*.  Compl. at 8-10.  This is antithetical to a claim for tortious interference with contract.

It is black-letter law that "[t]here is no such thing as a cause of action for interference which is only negligently or consequentially effected."  *Ethyl Corp. v. Balter*, 386 So. 2d 1220, 1224 (Fla. 3d DCA 1980) (citations omitted).  Intent is evidenced by the tortfeasor interfering to gain a business advantage or interfering out of malice.  *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985).  To prove malice, it must be shown that a party's actions "indicate a plan or course of conduct motivated by spite, ill-will, or other bad motive."  *Rockledge Mall Assocs., Ltd. v. Custom Fences of S. Brevard, Inc.*, 779 So. 2d 554, 557 (Fla. 5th DCA 2001) (citation omitted).  Stated differently, "[i]n order to prevail on a tortious interference claim, a plaintiff must establish the defendant's intent to interfere, as opposed to the defendant's mere intent to act."  *Maxi-Taxi of Fla., Inc. v. Lee Cty. Port Auth.*, No. 2:07–cv–82–FtM–34SPC, 2008 WL 1925088, at *16 (M.D. Fla. Apr. 29, 2008).

Thus, courts routinely dismiss claims for tortious interference based on allegations of inadequate care for business relationships as opposed to purposeful conduct targeted at disturbing such business relationships.  *See, e.g.*, *Berene v. Nationstar Mortg. LLC*, No. 14-61153, 2015 WL 13779240, at *4 (S.D. Fla. May 20, 2015) (dismissing claim for tortious interference based on allegation that defendant "inadequately tracked (or monitored) the level of insurance on their property leading to the wrongful purchase of force-placed insurance on their account.  This allegation [was] insufficient because the claim of tortious interference is an intentional tort but the word inadequate indicates negligence.") (internal citation and quotations omitted); *Maxi-Taxi*, 2008 WL 1925088, at *16-17 (rejecting plaintiff taxicab company's argument that defendant's implementation of a regulation that restricted the plaintiff from using certain traffic lanes and parking areas at the airport intentionally disrupted the relationship between plaintiff and its

customers since the evidence indicated that defendant promulgated the regulation in order to address issues of traffic congestion, public safety, and airport security).  Plaintiffs' Complaint is clearly of the former variety, as they concede they have no evidence that Defendant intentionally interfered with their business relationship.  Consequently, their claim for tortious interference with contract must be dismissed.

The dismissal of Plaintiffs' claim is with prejudice.  Although district courts generally give plaintiffs at least one chance to amend a deficient complaint before dismissing it with prejudice, that need not be the case "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  Here, even a more carefully drafted complaint could not state a valid claim because Plaintiffs' sole count for tortious interference with contract is impermissibly based on negligence—and Plaintiffs concede that Defendant did not intentionally interfere with their contractual arrangement.  *See Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) (dismissal of a *pro se* plaintiff's complaint with prejudice "is proper . . . if a more carefully drafted complaint could not state a valid claim.").

## CONCLUSION

For the reasons stated herein, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Complaint [ECF No. 1] is **DISMISSED** *with prejudice*.  All pending motions are **DENIED as moot**.  The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 27th day of April, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**